Mr. Justice James
delivered the opinion of the court.
The proofs show that one Dennis Blaney died intestate in 1881, seized of certain property, and leaving. a widow and two sisters. By an amicable arrangement provision was made for the widow, and the sisters, the plaintiff and defendant, took the house and lot to which this suit relates. The plaintiff thereupon conveyed her undivided half interest to the defendant. A money consideration is named in the deed, but it is shown that a parol contract was made as a part of the transaction, that, in consideration of this conveyance, the grantee was to provide the grantor a home in that house during the remainder of her life. The grantor was then an old woman of seventy years.
It was competent to show a valuable consideration different from the valuable consideration named in the deed. As the latter was not paid, nor intended to be paid, and the true consideration has been withheld, the question here is, to what relief the plaintiff is entitled.
Where money or other property is the true consideraation, the remedy at law is adequate, and there is no room for the interference of equity. The damage arising from non-performance is perfectly ascertainable and measurable in money. But where the contract is intended to operate continuously, as a provision for the future of the grantor, by actual specific performance, the remedy by damages is not adequate. The money which would secure for the grantor a home in some other house and among strangers is not, even if a jury could ascertain it, a compensation for the loss of the particular home which the grantor intended to secure. Moreover, a jury cannot ascertain the actual amount of money which will secure a house for the remainder of a life. Tables of longevity are not applicable for any such purpose. In addition to the inadequacy of the remedy at law, there is another distinct ground for equitaable relief. To refuse performance of this continuous contract and at the same time to retain the subject granted in consideration of such performance, is fraud. The proper *178 relief in that case is rescission of the contract itself. It is hardly necessary to refer to authority for the exercise of such jurisdiction ; the doctrine is familiar. ■ This conveyance is annulled.